UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BMO HARRIS BANK N.A., successor-by-merger to M&I Marshall & Ilsley Bank,

    Plaintiff,

v.

Case No: 2:12-cv-631-FtM-29CM

ROBERT M. ANDERSON, an individual, ROBERT M. ANDERSON, as Trustee for the Robert M. Anderson Trust dated 12/5/05, DANIEL VENEIGH, an individual, and MARGARET VENEIGH, an individual,

    Defendants.

**ORDER**

This matter comes before the Court on review of the Second Amended Verified Complaint for Foreclosure (Doc. #28) filed on October 9, 2013.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶¶ 1, 7.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

Court is satisfied as to the amount in controversy based on the allegations that the Note in question was for $150,000, before interest.  (Doc. #28, ¶¶ 11, 13, 17.)

Plaintiff alleges that it is a national association transacting business in Lee County, Florida with its main office and principal place of business in Cook County, Illinois.  (Doc. #28, ¶ 2.)  "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office.  <u>Wachovia Bank, N.A. v. Schmidt</u>, 546 U.S. 303, 318 (2006).  As currently pled, the allegations of citizenship are insufficient.

Plaintiff further alleges that defendant Anderson is an individual "residing" in Cape Coral, Florida, and that defendants Daniel Veneigh and Margaret Veneigh are individuals "residing" in Lee County, Florida.  (Doc. #28, ¶¶ 3, 5-6.)  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 828 (1989).  Pleading residency is not the equivalent of pleading domicile.  <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011); <u>Corporate Mgmt.</u>

2

Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). Plaintiff has failed to properly allege the citizenship of the individually named defendants. Therefore, no diversity of jurisdiction is alleged.

Plaintiff alleges that defendant Anderson Trust is a revocable trust organized and existing under the laws of Florida, and defendant Anderson is the Trustee of the Trust. A revocable trust is set up by a settlor who retains the right to recall or end the trust at any time. Fla. Stat. § 736.0603; MacIntyre v. Wedell, 12 So. 3d 273, 274 (Fla. 4th DCA 2009). "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 464 (1980). Beneficiaries having a material interest in the litigation may also have to be joined and could destroy jurisdiction. E.g., Tick v. Cohen, 787 F.2d 1490, 1494 (11th Cir. 1986)(if judgment could adversely affect the absent beneficiaries' interests, they would be joined if

3

feasible). To the extent that the Anderson Trust is an unincorporated business trust, citizenship would be based on the citizenship of the shareholders. <u>Crook-Petite-El v. Bumble Bee Seafoods LLC</u>, 502 F. App'x 886,887 (11th Cir. 2012). Without additional information, the Court cannot determine whether the citizenship of the Anderson Trust is adequately pled.

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1. The Second Amended Complaint (Doc. #28) is dismissed for lack of subject-matter jurisdiction without prejudice to filing a Third Amended Complaint within **SEVEN (7) DAYS** of this Order.

2. Plaintiff's Motion for Summary Judgment and Default Judgment (Doc. #37) is **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of March, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

4