UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**BMO HARRIS BANK, N.A.**, successor-by-merger to M&I Marshall & Ilsley Bank,

    Plaintiff,

v.

**ROBERT M. ANDERSON**, an individual, **ROBERT M. ANDERSON AS TRUSTEE FOR THE ROBERT M. ANDERSON TRUST DATED 12/05/2005**, **DANIEL VENEIGH**, an individual, and **MARGARET VENEIGH**, an individual,

    Defendants.

_____/

Case No. 2:12-cv-00631-JES-SPC

## THIRD AMENDED COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

    Plaintiff, BMO Harris Bank, N.A., successor-by-merger to M&I Marshall & Ilsley Bank, ("**BMO**"), by and through its undersigned counsel, sues Defendants Robert M. Anderson ("**Anderson**"), Robert M. Anderson as Trustee for the Robert M. Anderson Trust dated 12/05/2005 ("**Anderson Trust**"), Daniel Veneigh and Margaret Veneigh, and alleges the following:

### PARTIES, JURISDICTION AND VENUE

    1.    This is an action for monetary damages and to foreclose on residential real property located in Lee County, Florida. The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees. The subject real property is legally described as Lots 5 and 6, Block 1705, Unit 44, Cape Coral Subdivision, according to the Plat thereof, as recorded in Plat Book 21, Page 104 through 112, inclusive, Public Records of Lee County, Florida (the "**Property**").

2. Plaintiff BMO is a national association transacting business in Lee County, Florida, with its main office, as designated in its articles of association, and principal place of business in Cook County, Illinois.

3. Defendant Anderson is an individual domiciled in Cape Coral, Florida in Lee County, Florida.

4. Defendant Anderson Trust is a revocable trust organized and existing under the laws of the state of Florida that owns the Property. Anderson Trust is not an unincorporated business trust. Defendant Anderson is the trustee and the settlor of Anderson Trust. Anderson possesses the sole power to hold, manage and dispose of the assets of the Anderson Trust for the benefit of others, including, but not limited to, the power to pledge, transfer, endorse, hypothecate or otherwise encumber the assets of the Anderson Trust. Attached as **Exhibit A** is a true and correct copy of the Trust Certificate executed by Anderson and delivered to BMO's predecessor M&I Marshall & Ilsley Bank, FSB.

5. Defendant Margaret Veneigh is an individual domiciled in Lee County, Florida.[1]

6. This Court possesses jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists among the parties and because the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

7. Venue in the Middle District of Florida accords with 28 U.S.C. § 1391 because the subject real property is located in the Middle District of Florida, the subject notes and mortgage were entered into and breached by Anderson and Anderson Trust in the Middle District of Florida, and because all Defendants transact business or are domiciled in the Middle District of Florida.

---

[1] Daniel Veneigh appears to have died after being served in this case and is being dropped from this action.

8. Every condition precedent to this action was either performed, waived, or excused.

## ALLEGATIONS COMMON TO EACH COUNT

9. On July 23, 2010, M&I Marshall & Ilsley Bank, FSB ("**M&I**") made a $150,000.00 loan (" **Loan**") to Anderson evidenced by a Promissory Note executed by Anderson in favor of M&I (the "**Original Note**"). A true and correct copy of the Original Note is attached as **Exhibit B**.

10. To secure repayment of the Original Note, Anderson as trustee of the Anderson Trust executed a Mortgage in favor of M&I (the "**Mortgage**"), which encumbered the Property. The Mortgage was recorded on August 25, 2010, as Instrument No. 2010000213466 in the public records of Lee County, Florida. A true and correct copy of the Mortgage is attached as **Exhibit C**.

11. On July 5, 2011, M&I merged into BMO. Attached as **Exhibit D** is a true and correct copy of the Certificate of Merger.

12. On July 23, 2011, BMO agreed to renew the Loan and Anderson executed and delivered to BMO a Promissory Note in the amount of $150,000.00, which note renewed the Original Note (the "**Renewal Note**"). A true and correct copy of the Renewal Note is attached as **Exhibit E**.

13. The Original Note and the Renewal Note shall be collectively referred to herein as the "**Note**."

14. Anderson Trust owns the Property.

15. Anderson defaulted under the terms of the Note by the maturity and subsequent non-payment of all amounts outstanding under the Note (the "**Default**"). On October 1, 2012,

BMO sent a Notice of Default and Acceleration of Loan to Anderson (the "**Default Notice**"). A true and correct copy of the Default Notice is attached as **Exhibit F**.

16. As of October 1, 2012, Anderson owes BMO $151,889.25, which includes the principal sum of $150,000.00, interest in the amount of $1,458.33 and flood insurance in the amount of $430.92, together with further interest accruing thereon, default interest, late charges, title search expenses, court costs, advances, attorneys' fees, and all other amounts recoverable from Anderson under the Note and Mortgage.

17. Anderson has failed to cure the Default.

18. The Loan is accelerated and all amounts outstanding are immediately due and payable to BMO.

19. BMO owns and holds the Note and Mortgage.

20. BMO retained the undersigned counsel to prosecute this action and became obligated to pay reasonable attorneys' fees, which fees are recoverable from Anderson in accord with the Note.

## COUNT I - FORECLOSURE OF MORTGAGE

21. BMO realleges paragraphs 1 through 20 above.

22. The Note and Mortgage are in default, and all amounts due thereunder are accelerated and are presently due and owing to BMO.

23. Defendant Margaret Veniegh may claim a possessory interest in the Property by virtue of possession, whether by tenancy from the record title holder or mere possession only, but any said interest is junior, inferior and subordinate to the lien and operation of BMO.

**WHEREFORE**, Plaintiff BMO demands judgment in its favor and against all Defendants as follows:

-5-

(a) awarding a judgment against Defendant Anderson for all sums owed to BMO under the Note and Mortgage, including all costs and reasonable attorneys' fees;

(b) determining that BMO holds a lien on the Property described in Paragraph 1 of this Complaint for the total sum of the debt claimed under the Note and Mortgage, which lien is superior to any claim or interest of all Defendants and all persons claiming by, through, under or against these Defendants since the filing of the Notice of Lis Pendens;

(c) directing that if the sum determined owed to BMO is not paid within the time set by this Court, that the Property be sold to satisfy BMO's claims;

(d) foreclosing the Mortgage and the interest of Defendants Anderson and Anderson Trust and all persons claiming under or against these Defendants since the filing of the Notice of Lis Pendens;

(e) awarding in the event the proceeds from the foreclosure sale are insufficient, a deficiency judgment against any Defendant responsible therefore; and

(f) directing such other and further relief as this Court deems just and appropriate.

## COUNT II - BREACH OF NOTE

24. BMO realleges paragraphs 1 through 3, 6 through 9, and 11 through 20 above.

25. Defendant Anderson defaulted under the Note.

26. Anderson now owes BMO the full amount of principal due under the Note of $150,000.00, plus accrued interest, default interest late fees, processing fees, attorneys' fees and expenses due under the Note.

**WHEREFORE**, Plaintiff BMO demands judgment against Defendant Anderson for all amounts due under the Note, together with accrued interest thereon, default interest, late charges,

-6-

processing fees, title search expenses, court costs, advances, attorneys' fees, and all other amounts recoverable from Anderson under the Note.

/s/ Lauren G. Raines
John M. Guard
Florida Bar No. 374600
john.guard@quarles.com
Lauren G. Raines
Florida Bar No. 11896
lauren.raines@quarles.com
Quarles & Brady LLP
101 East Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
813-387-0300 (telephone)
813-387-1800 (fax)
*Attorneys for BMO Harris Bank, N.A.*

-7-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 12, 2014, a true and correct copy of the foregoing Third Amended Complaint was served on the following parties via this Court's CM/ECF system: Darrin Schutt (Darrin.schutt@schuttlaw.com), Schutt Law Firm, P.A., 1322 S.E. 46th Lane, Suite 202, Cape Coral, FL 33904, and the following parties via U.S. Mail: Margaret Veneigh, 411 SW 47th Terrance, Cape Coral, FL 33914.

/s/ Lauren G. Raines
Attorney

QB\25468449.1