UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BMO HARRIS BANK N.A., successor-by-merger to M&I Marshall & Ilsley Bank,

      Plaintiff,

v.

ROBERT M. ANDERSON,
ROBERT M. ANDERSON,
DANIEL VENEIGH and
MARGARET VENEIGH,

      Defendants.

Case No: 2:12-cv-631-FtM-29CM

## ORDER

Before the Court is Plaintiff's Motion for Default by the Clerk Against Defendant Margaret Veneigh (Doc. 58) filed on April 22, 2014. Plaintiff BMO Harris Bank, N.A. ("BMO") moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendant Margaret Veneigh ("M. Veneigh") for failure to respond to the Complaint. For the reasons that follow, the Motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.

*United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on an individual can be made by any manner accepted in the state or by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1), (e)(2)(A). Section 48.031, Florida Statutes, provides that "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper. . . ." Fla. Stat. § 48.031(1)(a).

The Return of Service shows that M. Veneigh was personally served with the Summons and Second Amended Verified Complaint on November 1, 2013, at 411 SW 47th Terrace, Cape Coral, Florida, 33914. Doc. 31. The Second Amended Verified Complaint was subsequently dismissed on March 11, 2014, for lack of subject-matter jurisdiction without prejudice to filing a third amended complaint. Doc. 45.[1] A Third Amended Complaint was filed on March 12, 2014. Doc. 46. The Third Amended Complaint was served by U.S. Mail on M. Veneigh on March 12, 2014, according to the pleading's Certificate of Service. *Id.* at 7.

The Court finds that service of process was properly effected as to Defendant M. Veneigh, because the Summons and Second Amended Verified Complaint was personally served on her. Further, Federal Rule 5(a)(2) provides that no service is

---

[1] A clerk's default was previously entered against M. Veneigh on February 11, 2014, for failure to respond to the Second Amended Verified Complaint (Doc. 35), but that complaint has since been dismissed (Doc. 45) and a Third Amended Complaint has been filed. Docs. 46, 57.

required on a party who is in default for failing to appear unless the pleading asserts a new claim for relief against a party.   The Third Amended Complaint was identical to the Second Amended Complaint, except for the allegations regarding citizenship of the parties.   *Compare* Doc. 28 *with* Doc. 46.   Because the Third Amended Complaint did not contain any new claims for relief, BMO was permitted to serve the Third Amended Complaint via mail.   Fed. R. Civ. P. 5(a)(2), (b)(2)(C).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.   M. Veneigh has failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default by the Clerk Against Defendant Margaret Veneigh (Doc. 58) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant Margaret Veneigh.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record