UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BMO HARRIS BANK N.A., successor-by-merger to M&I Marshall & Ilsley Bank,

    Plaintiff,

v.                                          Case No: 2:12-cv-631-FtM-29CM

ROBERT M. ANDERSON, an individual, ROBERT M. ANDERSON, as Trustee for the Robert M. Anderson Trust dated 12/5/05, and MARGARET VENEIGH, an individual,

    Defendants.

**OPINION AND ORDER**

    This matter comes before the Court on the Stipulation for Entry of Agreed Order Granting Plaintiff's Motion for Summary Judgment (Doc. #56) filed on April 18, 2014 by plaintiff and defendants Robert M. Anderson (Anderson) and Robert M. Anderson Trust Dated 12/05/2005 (Anderson Trust).  The Court initially took the Stipulation under advisement pending further action as to the non-stipulating defendants, Margaret Veneigh and Daniel Veneigh. On April 24, 2014, a Clerk's Entry of Default (Doc. #61) was issued as to Margaret Veneigh, and an Order (Doc. #62) was also issued dropping Daniel Veneigh as a party-defendant.  On April 25, 2014, plaintiff filed a Response to Order (Doc. #63) seeking a ruling on

the summary judgment.  Also before the Court is an incorporated Renewed Motion for Default Judgment (Doc. #47) as to Margaret Veneigh, which the Court will consider as if filed after the entry of the default.

On March 12, 2014, plaintiff filed a Third Amended Complaint for Foreclosure and Other Relief (Doc. #46) seeking to foreclose on the secured property for judgment for the amount owing on a Promissory Note in the amount of $150,000 executed by Anderson and secured by a Mortgage on the subject property owned by Anderson Trust.  Defendant Margaret Veneigh was named as a possible claimant by tenancy or by virtue of possession of the property.

Plaintiff and defendants Anderson and Anderson Trust have agreed to the entry of an Order granting plaintiff's Renewed Motion for Summary Judgment and Default Judgment (Doc. #47) filed on March 12, 2014.  Defendants Anderson and Anderson Trust filed a Response to the Plaintiff's Renewed Motion for Summary Judgment and Default Judgment (Doc. #51) on March 26, 2014, and thereafter stipulated to the granting of the motion.  No response or appearance has been filed by Margaret Veneigh since the entry of the April 24, 2014 Clerk's Default, and the time to respond has expired.  Margaret Veneigh was previously in default and has filed no claim or interest to the property.  Therefore, the Court finds that the entry of a default judgment is appropriate.

Accordingly, it is now

**ORDERED:**

1. The Stipulation for Entry of Agreed Order Granting Plaintiff's Motion for Summary Judgment (Doc. #56) is **GRANTED**.

2. Plaintiff's Renewed Motion for Summary Judgment (Doc. #47) is **GRANTED** as follows:

A. Defendants Anderson and Anderson Trust owe Plaintiff the total sum of $163,055.65, which amount includes the following: (i) $150,000 in principal; (ii) $430.92 in flood insurance; (iii) $12,124.81 in interest through 2/25/14; and (iv) $499.92 in interest from 2/26/14 to 4/14/14 (the "Total Sum").

B. Anderson shall remit the Total Sum to the trust account of Quarles & Brady LLP within two (2) business days from the entry of this Order, and Quarles & Brady LLP shall be entitled to immediately remit the Total Sum to Plaintiff without further order from the Court. If the Total Sum is timely remitted as stated in this paragraph, Plaintiff shall provide to Anderson's counsel the original note.

C. If Anderson fails to remit the Total Sum in accordance with paragraph 3, Plaintiff shall, upon the filing of an affidavit of non-compliance by Plaintiff or its counsel and the original note with the Court, be entitled to the immediate entry a final judgment of foreclosure in the amount of the Total Sum plus $499.92 and per diem interest in the amount of

3

$20.83 from 4/15/14 to the date of the judgment, which judgment shall bear interest at the prevailing legal rate of interest, and Matthew J. Meyer shall be appointed to serve as special master to advertise and conduct the foreclosure sale.

D.   The parties agree that, notwithstanding the payment of the Total Sum, Plaintiff is entitled to recover its reasonable attorney's fees and permissible costs in connection with this action. The parties are in dispute over the amount of attorney's fees and costs to which Plaintiff is entitled to and this Court reserves jurisdiction to award attorney's fees and costs upon application by the Plaintiff within **FOURTEEN (14) DAYS** of the entry of judgment. Any attorney's fees and costs awarded shall be a lien on the subject property. Further, the mortgage shall remain a lien on the subject property until the attorney's fees issue is resolved either by (i) Anderson's payment in full of the attorney's fees and costs awarded by order of this Court, in which case Plaintiff will record a satisfaction of mortgage; or (ii) the entry of a final judgment of foreclosure in the amount of the attorney's fees and costs awarded by order of this Court, which will extinguish the mortgage.

3.   Plaintiff's Renewed Motion for Default Judgment (Doc. #47) is **GRANTED** and any potential claim or interest in the subject property that could be asserted by Margaret Veneigh is dismissed

with prejudice, and plaintiff shall take nothing from this defendant.

    4.   The Clerk shall enter judgment in favor of plaintiff and against defendants as provided above, terminate all deadlines, and close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of May, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record