UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BMO HARRIS BANK N.A., successor-by-merger to M&I Marshall & Ilsley Bank,

    Plaintiff,

v.                                   Case No: 2:12-cv-631-FtM-29CM

ROBERT M. ANDERSON, an individual, ROBERT M. ANDERSON, as Trustee for the Robert M. Anderson Trust dated 12/5/05, and MARGARET VENEIGH, an individual,

    Defendants.

## **ORDER**

This matter comes before the Court on plaintiff's Motion to Withdraw Motion for Attorneys' Fees and Costs (Doc. #78) filed on August 18, 2014. Defendant filed a Response to the Plaintiff's Motion to Withdraw Motion for Attorneys' Fees and Costs (Doc. #79) on August 27, 2014.

Plaintiff seeks to withdraw its Motion for Attorneys' Fees and Costs (Doc. #68) because Robert M. Anderson wired $17,168.84, the total amount sought in the motion plus an additional fee for providing the payoff information, to plaintiff in full satisfaction of the attorneys' fees and costs. Therefore, plaintiff asserts it has no further claim. In response, defendants state that Anderson entered into a contract to sell the

property at issue which required either full payment immediately or risk a breach of the pending contract on the property. Defendants state that they still wish a decision on the merits so that the difference may be refunded, and that the payment was not made with the intent to moot the motion.

On May 19, 2014, the Court issued an Opinion and Order (Doc. #64) granting a Stipulation for Entry of Agreed Order Granting Plaintiff's Motion for Summary Judgment, and granting plaintiff's Motion for Summary Judgment based on the stipulation. As per the terms of the agreement, the parties agreed:

> notwithstanding the payment of the Total Sum, Plaintiff is entitled to recover its reasonable attorney's fees and permissible costs in connection with this action. The parties are in dispute over the amount of attorney's fees and costs to which Plaintiff is entitled to and this Court reserves jurisdiction to award attorney's fees and costs upon application by the Plaintiff within **FOURTEEN (14) DAYS** of the entry of judgment. Any attorney's fees and costs awarded shall be a lien on the subject property. Further, the mortgage shall remain a lien on the subject property until the attorney's fees issue is resolved either by (i) **Anderson's payment in full of the attorney's fees and costs awarded by order of this Court, in which case Plaintiff will record a satisfaction of mortgage**; or (ii) the entry of a final judgment of foreclosure in the amount of the attorney's fees and costs awarded by order of this Court, which will extinguish the mortgage.

(Doc. #64, p. 4, ¶ D)(emphasis added).

"It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim."  United States v. Hougham, 364 U.S. 310, 312 (1960).  The Court looks to the circumstances to see if there are other reasons the payment might be deemed to end the case, and "the parties' objective manifestations of intent" is what matters.  Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 518 F.3d 1302, 1306 & 1307 (11th Cir. 2008).  A subjective intent to continue is not relevant.  RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC, 718 F.3d 1308, 1315 (11th Cir. 2013).

Anderson asserts he paid the total pay off amount to preserve the contract on the house, but not with the intent to resolve the claim.  However, defendants have not provided any evidence or correspondence reflecting that they were reserving rights or paying while notifying plaintiff of their intent.  (Doc. #79-1.) Defendants also did not seek expedited consideration of the Motion based on a pending contract on the property, and the terms of the parties' agreement clearly provide that payment will be deemed a satisfaction of the issue of attorney fees and costs.  The only evidence before the Court is the request for the payoff amount through Sylvia E. Heldreth, P.A., and the parties' acknowledgment that the amount was fully paid.  (Doc. #78-1, Exh. B.)

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Withdraw Motion for Attorneys' Fees and Costs (Doc. #78) is **GRANTED.**

2. Plaintiff's Motion for Attorneys' Fees and Costs (Doc. #68) is **deemed withdrawn**.

3. Plaintiff shall record a satisfaction of mortgage, to the extent it has not already done so.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of September, 2014.

_/s/ John E. Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record